**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank M Gonzales, | No. CV-24-00593-TUC-JCH (BGM) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

Before the Court is Petitioner Frank Gonzales's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. (Doc. 1.) The petition has been fully briefed. (*See* Docs. 9, 10.) On March 20, 2025, this matter was reassigned to Magistrate Judge Bruce G. Macdonald for a report and recommendation. (Doc. 6 at 4.) The Magistrate Judge recommends that the District Judge, after his independent review, deny the petition and dismiss this case.

### BACKGROUND[1]

In June 2017, Tucson police executed a search warrant at the residence Frank Gonzales shared with his girlfriend. *State v. Gonzales*, No. 2 CA-CR 2019-0194, 2021 WL 1529743, at *1 (Ariz. Ct. App. Apr. 19, 2021). Before searching, police asked the girlfriend if there were any weapons in the home, and she said no. *Id.* When police

---

[1] The Court adopts the facts in the background section as recited in *State v. Gonzales*, No. 2 CA-CR 2019-0194, 2021 WL 1529743, at *1 (Ariz. Ct. App. Apr. 19, 2021). Because the facts are taken from the state appellate court's decision, they are afforded a presumption of correctness. *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007).

separately asked Gonzales—a prohibited possessor—whether there were any weapons in the house, he said there were, but they were his girlfriend's. *Id*. After allowing Gonzales and his girlfriend to speak privately, police questioned them together about the weapons. *Id*. The girlfriend now stated that she did have guns in the house, including an AR-15 rifle. *Id*. When she was unable to provide other details about the guns, Gonzales interrupted and provided them, including their location and the types of weapons that were there, including a .357 revolver and a nine-millimeter semi-automatic handgun. *Id*.

When police searched the home, they found the AR-15 rifle, .357 revolver, and nine-millimeter semi-automatic in the location Gonzales had described. *Id*. A detective later interviewed the girlfriend about the guns, and although she again claimed she owned the guns, she incorrectly stated there were two guns. *Id*. When asked about the caliber of the rifle, she stated, "I don't know, I'm sorry, I don't know anything about the gun." *Id*. Finally, she stated that the guns operated "fine," and when she was confronted with the fact that one of them was jammed, she had no explanation for how that had occurred. *Id*.

A grand jury indicted Gonzales for possession of a deadly weapon by a prohibited possessor, a class four felony. (Doc. 9-1 at 5.) After a four-day jury trial, the jury rendered a guilty verdict. (*Id*. at 7.) The trial court subsequently found that Gonzales had six prior felony convictions, including multiple prohibited possessor convictions. (*Id*. at 10-11.)

## PROCEDURAL HISTORY

### Conviction and Direct Appeal

On March 29, 2019, Gonzales was found guilty of possession of a deadly weapon by a prohibited possessor under A.R.S. § 13-3102(A)(4). (*Id*. at 7, 10.) Gonzales was subsequently found to have six prior felony convictions including possession of a deadly weapon by a prohibited possessor; two counts of robbery; second degree escape; disorderly conduct and possession of a deadly weapon by a prohibited possessor; possession of a narcotic drug, possession of marijuana, and possession of drug paraphernalia; and endangerment. (*Id*. at 10-11.) He was sentenced to a nine-year prison term and remanded to the custody of the Arizona Department of Corrections. (*Id*. at 10.)

On August 7, 2019, Gonzales filed a notice of appeal with the Arizona Court of Appeals in which he requested the appointment of appellate counsel. (Doc. 9-1, ¶ 11 at 25.) On December 4, 2020, Gonzales filed his opening brief. (*Id*. at 14-51.) He raised three arguments on appeal. (*Id*. at 31-49.) Gonzales argued that the trial court erred by: (i) instructing the jury that constructive possession could be proved knowingly rather than intentionally; (ii) denying his motion for a directed verdict because the prosecution failed to present substantial evidence demonstrating his intent to exercise dominion and control over the firearms in question; and (iii) precluding him from introducing as evidence a text message he sent to his girlfriend. *Gonzales*, 2021 WL 1529743, at ¶ 1. The third argument was ultimately withdrawn. (Doc. 9-1 at 92.)

On April 19, 2021, the Arizona Court of Appeals affirmed Gonzales's conviction and sentence in a memorandum decision. *Gonzales*, 2021 WL 1529743, at *1-2. The Arizona Supreme Court denied Gonzales's request for review. (Doc. 9-1 at 128). On May 19, 2022, the Arizona Court of Appeals issued its mandate. (*Id*. at 130-31.)

**Rule 32 Petition for Post-Conviction Relief**

On May 1, 2023, Gonzales filed a petition for post-conviction relief under Arizona Rule of Criminal Procedure 32. (Doc. 9-1 at 141-53.) Gonzales argued that he received ineffective assistance of trial counsel because his defense attorney failed to object to the prosecution's argument that he lived alone at the time of the search of his residence and the attorney failed to renew an objection to using the overly prejudicial term "AR-15" to describe the assault rifle allegedly found in Gonzales's possession at trial. (*Id*. at 148-53.)

On September 25, 2023, the trial court found that none of Gonzales's claims presented a material issue of fact or law that would entitle him to relief and dismissed his petition. (*Id*. at 204.) Gonzales failed to file a petition for review with the Arizona Court of Appeals. (Doc. 9-2 at 12.)

**Special Action Petitions**

On July 29, 2024, Gonzales filed a special action petition with the Arizona Supreme Court. (*Id*. at 5-9.) He argued that the trial court failed to rule on alleged pending motions

demonstrating his innocence and requested that the court review allegedly exonerating evidence. (*Id*. at 6-9.) While the petition was pending, Gonzales filed a separate special action petition with the Arizona Court of Appeals raising the same arguments.[2] (Doc. 9-1 at 210-14.) The Arizona Court of Appeals dismissed the petition, ruling that Gonzales failed to comply with the filing requirements. (Doc. 9-2 at 2.) The Arizona Supreme Court subsequently dismissed its petition, ruling that Gonzales's claims needed to first be presented to the trial court. (*Id*. at 11-13.)

### **Federal Habeas Corpus Petition**

On December 11, 2024, following the denial of requests for post-conviction relief, Gonzales filed the § 2254 petition at hand. (Doc. 1.) He raises two grounds for relief in his petition. (*Id*. at 6-7.) Gonzales argues that: (i) the trial court's constructive possession jury instruction was erroneous because constructive possession, as it concerns Arizona's prohibited possessor statute, requires an "intentional" instead of a "knowingly" state of mind; and (ii) the trial court erred in denying his motion for a directed verdict because the prosecution failed to present substantial evidence of Gonzales's intent to exercise dominion and control over the firearms found in his residence. (*Id*.) Respondents filed an answer, (Doc. 9), and Gonzales filed a reply, (Doc. 10). This Report and Recommendation follows.

## **LEGAL STANDARD**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs habeas corpus petitions filed after April 24, 1996. *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001). AEDPA substantially limits the power of federal courts to grant habeas relief to state prisoners. *Hurles v. Ryan*, 752 F.3d 768, 777-78 (9th Cir. 2014). Under AEDPA, a federal court may not grant a prisoner's petition on a claim that was decided on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;

---

[2] The caption on the special action petition appears to incorrectly list the Supreme Court of Arizona rather than the Arizona Court of Appeals. (*See* Doc. 9-1 at 210.)

- 4 -

or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). This standard applies to decisions by state appellate courts and state supreme courts, including summary denials, as long as the claim was adjudicated on the merits. *Lambert v. Blodgett*, 393 F.3d 943, 969 (9th Cir. 2004).

Under the "contrary to" clearly established federal law clause, a federal habeas court may grant a petition only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Under the "unreasonable application" of clearly established federal law clause, a federal habeas court may grant a petition only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id*. at 413. In either scenario, for habeas relief to be granted, "a state court merits ruling must be so lacking in justification that there was an error beyond any possibility for fairminded disagreement." *Bemore v. Chappell*, 788 F.3d 1151, 1160 (9th Cir. 2015) (cleaned up).

## DISCUSSION

Gonzales brings the petition at hand arguing the trial court's prohibited possessor jury instruction was contrary to clearly established federal law and the court's denial of his motion for a directed verdict involved an unreasonable application of the constructive possession theory of liability. (Doc. 9-1 at 31-42.) The Court finds that Gonzales fails to demonstrate that the Arizona Court of Appeals' decision denying his constitutional claims was contrary to, or an unreasonable application of, clearly established federal law.[3] As such, Gonzales's § 2254 petition should be denied and this case dismissed.

---

[3] Because the Arizona Supreme Court summarily denied Gonzales's petition for review, (*see* Doc. 9-1 at 128), the Court "looks through" the judgment to the last reasoned state court decision addressing Gonzales's constitutional claims. *See Ali v. Grounds*, 236 F. Supp. 3d 1241, 1250 (S.D. Cal. 2017) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 804-06 (1991)) ("In cases of summary denial by a state's highest court, a federal habeas court 'looks through' to the last reasoned state court decision to address the claim at issue.").

I. **Reasonable State Court Decision**

Gonzales first contends that he is entitled to federal habeas relief because the trial court's constructive possession jury instruction was contrary to clearly established federal law. (Doc. 1 at 6.) Gonzales asserts that in *Henderson v. United States,* 575 U.S. 622 (2015), the United States Supreme Court ruled that to obtain a conviction for prohibited possession of a deadly weapon based on constructive possession, the prosecution must prove that the defendant "intended to exercise dominion or control over a deadly weapon," and not merely that he did so knowingly. (*Id*.) Gonzales argues that since he was convicted under Arizona's prohibited possessor law with a "knowingly" state of mind, his conviction violates due process. (*Id*.) Despite Gonzales's assertions to the contrary, the Arizona Court of Appeals provided valid reasons for affirming the trial court's "possession" instruction, and his petition should be denied.

A. **Heightened Legal Burden**

Gonzales asserts that the trial court's instruction, which mirrors Arizona's criminal code, violated his due process rights. (*See* Doc. 1 at 6.) However, habeas precedent places an "especially heavy burden" on a defendant who seeks to show constitutional error from a jury instruction that quotes a state statute. *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009) (citation omitted). In that scenario, "the defendant must show both that the instruction was ambiguous and that there was a reasonable likelihood that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt." *Id*. at 190-91 (cleaned up). The instruction must be considered in the context of the instructions as a whole and the trial record. *Id*. at 191. The pertinent question in determining whether the defendant is entitled to relief is whether the "instruction by itself so infected the entire trial that the resulting conviction violates due process." *Id*. (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).

1. ***Henderson* Inapposite to State Possession Instruction**

The Arizona Court of Appeals rejected the argument that Gonzales's constitutional rights were violated by the trial court's constructive possession instruction. *Gonzales*, 2021

WL 1529743, at ¶¶ 6-9. The court determined that Gonzales failed to raise the issue at trial and that it was therefore reviewed for fundamental error. *Id*. at ¶ 6. The court concluded that Gonzales failed to demonstrate fundamental error because *Henderson* was inapposite to state prohibited possessor statutes. *Id*. at ¶ 7. The court recounted that in *Henderson*, the Supreme Court addressed the term "possess" as it applied to the federal felon in possession law under 18 U.S.C. § 922(g). *Id*. Because "possession" was not defined in the federal statute, the Court was tasked with interpreting the term. *Id*. The court reiterated that the Supreme Court determined that the term "possess" encompassed both actual and constructive possession and that constructive possession—as it applied to the federal firearms statute—occurred when a person "has the power and intent to exercise control over the object." *Id*. In contrast, the court reasoned, Gonzales was convicted under Arizona's prohibited possessor statute which incorporated Arizona's clearly worded statutory definition of "possess." *Id*. The court observed that the statutory definition of "possess" explicitly established that "knowing" control of a weapon was sufficient to constitute possession under Arizona law. *Id*. The court concluded that it need not look beyond the statutory words to discern the applicable mental state for the crime. *Id*.

**2.     Instruction Accurately Reflects State Criminal Law**

In addition to rejecting Gonzales's assertion that *Henderson* represented clearly established law on the issue of state prohibited possessor instructions, the Arizona Court of Appeals concluded that the trial court's instruction was an accurate reflection of Arizona criminal law. *Id*. at ¶ 8. The instruction was an accurate reflection of Arizona law because it provided that possession, whether actual or constructive, need only be knowing. *Id*. The court recounted that the trial court's instruction stated "'[c]onstructive possession' means the defendant, although not actually possessing an object, knowingly exercised dominion or control over it, either acting alone or through another person." *Id*.; (*see also* Doc. 1-1 at 21). The court observed that the phrase, "knowingly exercised dominion or control," was nearly identical to the language used to define "possess" in the Arizona criminal code. *Id*. at ¶ 8; *see also* § 13-105(34). The court added that Gonzales's proposal for an instruction

requiring the prosecution to prove that he "intended" to exercise dominion and control would misstate the plain language of the statute. *Id*.

### 3.   **State Supreme Court Charged With Interpreting State Law**

The Arizona Court of Appeals further dismissed Gonzales's appeal by observing that it was bound by the Arizona Supreme Court's rejection of a nearly identical challenge in *State v. Cox*, 174 P.3d 265 (Ariz. 2007). *Gonzales*, 2021 WL 1529743, at ¶ 9.

In *Cox*, a state prisoner challenged multiple prohibited possessor convictions under Arizona law. 174 P.3d at 266-67. The defendant asserted the trial court erred by refusing to give a jury instruction that required "willful possession or control of a weapon with the intent to use, guide, or manage it," instead of the "knowingly exercise dominion or control" instruction that the court provided. *Id*. at 267. The defendant, a convicted felon, and his fiancé had been stopped for a minor traffic violation when the arresting officer noticed a spent shell casing in the center console. *Id*. at 266. After initially denying there were any firearms in the vehicle, the defendant admitted that there was a shotgun in the trunk. *Id*. The defendant told the officer that the pair "had just picked up the gun from [a friend's] house and were taking it back to [their] residence." *Id*. The officer proceeded to find an unloaded shotgun and two loaded pistols in the trunk. *Id*. The defendant was charged and convicted of three counts of possession of a deadly weapon by a prohibited possessor. *Id*.

In rejecting the defendant's jury instruction challenge, the Arizona Supreme Court recalled that the trial court defined "possession" using the terminology in the Arizona criminal code and that the jury was instructed that "possess" meant to "knowingly exercise dominion or control" over property. *Id*. at 267. The trial court had also instructed the jury that "[a] person who, although not in actual possession, knowingly exercises the right of control over a thing, either directly or through another person, is then in constructive possession of it[,]" and "two or more persons jointly may share actual or constructive possession." *Id*. The Arizona Supreme Court affirmed the trial court's rejection of the defendant's proposed instruction because it imposed a higher standard than was required by the state criminal statute. *Id*. at 268. The court ruled that the proposed instruction would

misstate the law by adding an element not required by Arizona statute and concluded that trial courts do not err by refusing to give instructions that misstate the law. *Id.* at 268.

Here, the Arizona Court of Appeals credited *Cox* for rejecting a similarly worded proposed possession instruction because the instruction replaced "knowingly" with another culpable state of mind. *Gonzales*, 2021 WL 1529743, at ¶ 9. The court asserted that Gonzales was mistaken to suggest that *Henderson* somehow overruled *Cox*. *Id*. The court observed that the United States Supreme Court cannot overrule the Arizona Supreme Court's interpretation of an Arizona statute. *Id*. It also found no meaningful distinction between the willful state of mind addressed in *Cox* and the intentional state of mind offered by Gonzales. *Id*. The court concluded that the *Cox* proposed instruction was the same as the one offered by Gonzales because the instruction included a mens rea contrary to the applicable state statute. *Id*. The court ruled that the trial court properly instructed the jury that possession need only be knowing, rather than intentional. *Id*.

The Arizona Court of Appeals' rejection of Gonzales's appeal did not unreasonably apply clearly established federal law and Gonzales fails to demonstrate that the trial court's instruction so infected his entire trial that his resulting conviction violates due process. Gonzales's cursory contention that a state prohibited possessor conviction is invalid because an instruction on criminal possession must include an intentional mens rea is unavailing. *See Cox*, 174 P.3d at 268 ("[B]y requiring that a defendant … possess a weapon with the intent to control the use or management thereof or with the intent to guide or manage the weapon, the proposed instruction adds an element not required by Arizona's prohibited possession statute …. and incorrectly states Arizona law). Additionally, *Henderson* does not represent clearly established federal law because the decision fails to squarely address the state statute at issue and provide a clear answer. *See Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (observing that clearly established federal law is limited to Supreme Court authority that "squarely addresses" the claim at issue and provides a "clear answer"); *Brewer v. Hall*, 378 F.3d 952, 955 (9th Cir. 2004) (ruling that if there is no Supreme Court precedent creating clearly established federal law on the legal

issue raised by a defendant in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law). Finally, to the extent Gonzales scraps his original arguments and offers entirely new arguments in his reply—all of which he failed to fairly present to the state courts—those arguments are unexhausted and procedurally barred. (*See* Doc. 10 at 7-20); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (ruling that fair representation requires the habeas petitioner to present the state courts with both the operative facts and the federal legal theory upon which his claim is based). Since Gonzales fails to reference United States Supreme Court precedent that clearly establishes that Arizona's standard criminal jury instruction on possession[4]—either on its face or as applied to the facts of his case—violated his constitutional rights and because the Court cannot allow Gonzales to argue now what should have been argued in hindsight, his petition should be denied.

## II.     Unavailing Identical Argument Under Evidentiary Pretext

Gonzales's second ground for habeas relief relies on the cursory argument that the trial court erred by denying his Rule 20 motion for a directed verdict[5] because the prosecution failed to present substantial evidence that he intended to exercise dominion and control over the firearms in question. (Doc. 1 at 7.) Gonzales contends that "the trial court's failure to properly instruct the jury on constructive possession highlights the court's misapprehension of [the] state's obligation to present proof on this point, which explains why the court erroneously denied the Rule 20 motion." (*Id.*) This insufficient circular reasoning merely puppets the conclusory language Gonzales offered in his initial appeal.

---

[4] Arizona Criminal Pattern Jury Instruction 37 provides, in pertinent part, "'[c]onstructive possession'" means the defendant, although not actually possessing an object, knowingly exercised dominion or control over it, either acting alone or through another person." *Ariz. Pattern Jury Instr. Crim.* 37 (4th ed. 1996).

[5] Arizona Rule of Criminal Procedure 20 provides that before a verdict, "[a]fter the close of evidence on either side, and on motion or on its own, the court must enter a judgment of acquittal on any offense charged in an indictment, information, or complaint if there is no substantial evidence to support a conviction." Ariz. R. Crim. P. 20.

(*See* Doc. 9-1 at 40.)  The Arizona Court of Appeals correctly rejected this argument on the same grounds it rejected the first.  *See Gonzales*, 2021 WL 1529743, at ¶ 10 (ruling that Gonzales failed to present argument that the evidence presented at trial did not support a conviction for the offense as instructed).  As such, Gonzales's second ground for habeas relief should be summarily denied.

"A petitioner for a federal writ of habeas corpus faces a heavy burden when challenging the sufficiency of the evidence used to obtain a state conviction on federal due process grounds," particularly under AEDPA.  *Boyer v. Belleque*, 659 F.3d 957, 964 (9th Cir. 2011) (citation omitted).  A due process claim based on insufficiency of the evidence can only succeed when, viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Emery v. Clark*, 643 F.3d 1210, 1213 (9th Cir. 2011).  The Supreme Court has repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.  *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

Here, Gonzales once again erroneously challenges the trial court's interpretation of state law arguing that the court incorrectly ruled against him because it applied the wrong evidentiary standard for criminal possession.  (*See* Doc. 1 at 7.)  As previously discussed, this Court is bound by the Arizona Court of Appeals' interpretation of state law including the evidentiary standard for criminal possession under Arizona's prohibited possessor law.  The Arizona Court of Appeals did not misinterpret or unreasonably apply the state's prohibited possessor statute or its standard instruction on criminal possession.  Gonzales's second ground for habeas relief should be denied and his petition dismissed.

### RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Judge DENY Gonzales's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, (Doc. 1), and dismiss with prejudice this case.  Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), any party may serve

and file written objections within fourteen (14) days of being served with a copy of this Report and Recommendation, and a party may respond to another party's objections within (14) days after being served with a copy. No replies shall be filed unless leave is granted by the District Judge. If objections are filed, the parties should use the following case number: **24-CV-593-JCH**. Failure to file timely objections to any of the Magistrate Judge's factual or legal determinations may result in waiver of the right of de novo review.

Dated this 6th day of October, 2025.

Honorable Bruce G. Macdonald
United States Magistrate Judge