WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank M Gonzales,<br><br>  Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>  Respondents. | No. CV-24-00593-TUC-JCH<br><br>**ORDER** |

Before the Court is Magistrate Judge Bruce G. MacDonald's Report and Recommendation ("R&R") (Doc. 11) on Petitioner Frank M Gonzales's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). Magistrate Judge MacDonald recommends denying Gonzales's Petition and dismissing the case with prejudice. (Doc. 11.) Neither party objects to the R&R. (*See generally* Docket.)

A district court reviews objected-to portions of an R&R de novo. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). Failure to timely object may be considered a waiver of a party's right to de novo consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003) (en banc). The Court reviews for clear error any unobjected-to portions of the R&R. *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The R&R sets forth the applicable statutes and caselaw governing a habeas petitioner's claim that was decided on the merits in state court. (Doc. 11 at 4–6.) After examining the Arizona Court of Appeals' decision denying Petitioner's constitutional law

claims, the R&R found Petitioner failed to demonstrate the state appellate decision was contrary to, or an unreasonable application of, clearly established federal law. (*Id.* at 5–11.) The R&R also found Petitioner's new arguments in Reply were procedurally barred because he failed to raise them at state court. (*Id.* at 10.)

After independent review, the Court is satisfied that Magistrate Judge MacDonald's recommendation is sound. The Court will adopt the R&R in full.

Before Petitioner can appeal the Court's judgment, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal Rule of Appellate Procedure 22(b) requires the district court that rendered the judgment denying the petition to either issue a certificate of appealability or state why a certificate should not issue.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). A substantial showing is made when the resolution of an issue on appeal is debatable among reasonable jurists, if courts could resolve the issue differently, or if the issue deserves further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). If an issue is decided on procedural grounds, a substantial showing is made if reasonable jurists would find it debatable whether the applicant had a valid claim for the denial of a constitutional right *and* whether the district court was correct in its procedural ruling. *Id.* at 485.

The R&R resolves Petitioner's issues on both constitutional and procedural grounds. (Doc. 11 at 9–11.) Resolution of the issues addressed in the R&R are not debatable among reasonable jurists, nor do they deserve further proceedings. Considering the standards for granting a certificate of appealability, the Court concludes that a certificate shall not issue.

Accordingly,

**IT IS ORDERED ADOPTING in full** the R&R (Doc. 11), **DENYING** Petitioner Gonzales's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, and **DISMISSING** this matter with prejudice. The Clerk of Court shall docket this matter

accordingly.

The Court **DECLINES** to issue a certificate of appealability, finding jurists of reason would not find this Court's ruling debatable.

Dated this 10th day of November, 2025.

_____
John C. Hinderaker
United States District Judge